The opinion of the Court was delivered by
Mr. Justice Gantt.
On the first ground, it is thought by the Court here, that on a contract of this kind, where an overseer conducts himself with fidelity, and discharges all his duties as such, it is not competent for the employer to indulge a capricious disposition, and without cause to discharge him from his employment. Where a crop is so far advanced as in this case, it would be peculiarly improper, without any sufficient cause, to send the overseer adrift, because at that season of the year it would be almost impossible to meet with employ; and as he was dismissed without any neglect on his part, but, on the contrary, when he was discharging faithfully the trust reposed in him, the Court is of opinion that there is no ground for a new trial on this head, thinking that in such case he is entitled to the full dividend of what might be made.
On the second ground, the evidence, as reported, furnishes no presumption unfavourable to the plaintiff but rather is creditable to him, if his motive was to save the innocence of his daughter; nor can the Court readily conceive, that, situated as the. plaintiff was, and fearful of giving offence to the defendant, he would have perpetrated an act which would so justly have *407 incurred his utmdst displeasure, and which would * have justified the defendant instantly in dismissing him from his house. Upon the whole, the Court can see no reason to disturb the which has been given in the case. The motion is, therefore, dismissed.
Grimké, Colcock, Cheves, JYott, and Johnson, J concurred.